JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Tanweer Ahmed and Hina Mahmood

**(b)** County of Residence of First Listed Plaintiff: Media, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James P. Carfagno, Esquire
de Luca Levin LLC
3 Valley Square, Suite 200

## DEFENDANTS

Samsung Electronics America, Inc; Lowe's Home Centers, LLC; ABC Manufacturing Company (ies) 1-5, fictitious

County of Residence of First Listed Defendant: New York
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Kristi Buchholz Helfrick
Wilson Elser Moskowitz Edelman & Dicker, LLP
2001 Market Street, Suite 3100

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [X] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. § 1332(a), 28 U.S.C. § 1441(b)

Brief description of cause:
Subrogation matter for damages allegedly arising out of a defective microwave.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $285,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 10/10/2025

SIGNATURE OF ATTORNEY OF RECORD: /s/ Kristi Buchholz Helfrick

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Media, PA

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☒ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*______________ ______________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TANWEER AHMED and HINA MAHMOOD<br>Plaintiffs,<br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.; LOWE'S HOME CENTERS, LLC; ABC MANUFACTURING COMPANY (IES) 1-5, fictitious names of fictitious entities and ABC SALES COMPANY (IES) 1-5, fictitious names of fictitious entities,<br>Defendants | CIVIL ACTION<br><br>NO.: ____________ |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Samsung Electronics America, Inc. ("SEA") and Lowe's Home Centers, LLC ("Lowe's"), (collectively, "Defendants") by and through their attorneys, on this date hereby timely file this Notice of Removal of the above-captioned civil action from the Court of Common Pleas of Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania, together with all process, pleadings, and orders, as required by 28 U.S.C. § 1446(a), copies of which are attached hereto and made part hereof, and in support of this Notice, respectfully avers as follows:

**PRELIMINARY STATEMENT**

1. This action was commenced on or about September 4, 2025 by Plaintiffs, Tanweer Ahmed and Hina Mahmood (hereinafter "Plaintiffs"), in the Court of Common Pleas of

Philadelphia County, by the filing of a Complaint in Civil Action, Docket No.: 250900587, against Defendants (the "State Court Action").

2. A true and correct copy of the Plaintiffs' Complaint in Civil Action, dated September 4, 2025 (the "Complaint"), is attached hereto as Exhibit "A".

3. SEA was served with the Complaint on October 2, 2025. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

4. Lowe's was served with the Complaint on September 11, 2025. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

5. No pleadings, process or orders other than those referenced above have been served on Defendants in the State Court Action, and therefore, no other process, pleadings or orders are attached to this Notice in compliance with 28 U.S.C. § 1446(a).

6. As explained more fully below, this is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states with an amount in controversy exceeding the sum of $75,000.00, exclusive of costs and interest, and the removal is timely.

**DIVERSITY OF CITIZENSHIP**

7. Plaintiffs allege in their Complaint that they are citizens of Pennsylvania, and the Complaint alleges that they reside at 128 Moore Drive, Media, PA. (See Ex. A at ¶1.)

8. Defendant SEA is a corporation organized under the laws of New York and has its principal place of business in Englewood Cliffs, New Jersey.

9. Defendant Lowe's is a North Carolina limited liability company. Its sole member is Lowe's Companies, Inc., which is a North Carolina corporation with its principal place of business in Mooresville, North Carolina.

10. Complete diversity of citizenship therefore exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

**AMOUNT IN CONTROVERSY**

11. This matter involves product liability claims arising from a fire at Plaintiffs' property. (See Ex. A.)

12. Plaintiffs allege damages "in excess of $285,000." Id.

13. Plaintiffs' damages include "damage to their real property, as well as the imposition on the Plaintiffs of additional expenses and hardship." Id.

For these reasons, though Defendants deny liability, Defendants respectfully submit that the amount in controversy exceeds $75,000, exclusive of costs and interest, for purposes of this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), and therefore, this action is properly removable pursuant to 28 U.S.C. § 1441.

**VENUE**

14. Pursuant to provisions of Sections 1441 and 1446 of Title 28 of the United States Code, Defendants seek removal of this action to the United States District Court for the Eastern District of Pennsylvania, the judicial district in which the action is pending.

**PROCESS**

15. This Notice of Removal is being filed without prejudice to Defendants' objections and defenses to Plaintiffs' purported claims.

16. Written notice of the removal of this action will be promptly served on all adverse parties, and a copy will be filed with the Clerk of Judicial Records in the Court of Common Pleas of Pennsylvania of Philadelphia County in accordance with the provisions of 28 U.S.C. § 1446(d).

17. Defendants respectfully submit that there is an actual controversy between citizens of different States, and that, based on the allegations in Plaintiffs' Complaint, the amount in controversy exceeds the jurisdictional minimum.

18. Thus, as 28 U.S.C. § 1332(a) confers federal subject matter jurisdiction over this action, removal to this Court is proper pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendants respectfully request this action pending in the Court of Common Pleas of Pennsylvania of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania, together with such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

Date: October 10, 2025

By *<u>/s/Kristi Buchholz Helfrick</u>*

Kristi Buchholz Helfrick
PA ID No. 92468
Two Commerce Square
2001 Market Street - Suite 3100
Philadelphia, PA 19103
kristi.buchholzhelfrick@wilsonelser.com
*Attorney for Defendants Samsung Electronics America, Inc. and Lowe's Home Centers, LLC*

## CERTIFICATE OF SERVICE

Kristi Buchholz Helfrick, counsel for Defendants *Samsung Electronics America, Inc.* and *Lowe's Home Centers, LLC* certifies that on the date set forth below, she sent by electronic mail and/or United States mail, first class, postage prepaid, a true and correct copy of the foregoing Notice of Removal to:

***Via ECF:***

James P. Carfagno
**de Luca Levin LLC**
3 Valley Square, Suite 220
Blue Bell, PA 19422
(T) 215.383.0081
(F) 215.383.0082
jcarfagno@delucalevine.com

*Counsel for Plaintiffs*
*Tanweer Ahmed and Hina Mahmood*

Date: October 10, 2025

By *\/s/Kristi Buchholz Helfrick*
Kristi Buchholz Helfrick



321475730v.1

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
**SEPTEMBER 2025** **00587**
E-Filing Number: 2509009987

| | |
|---|---|
| PLAINTIFF'S NAME<br>TANWEER AHMED | DEFENDANT'S NAME<br>SAMSUNG ELECTRONICS AMERICA, INC. |
| PLAINTIFF'S ADDRESS<br>128 MOORE DRIVE<br>MEDIA PA 19063 | DEFENDANT'S ADDRESS<br>85 CHALLENGER ROAD<br>RIDGEFIELD PARK NJ 07660 |
| PLAINTIFF'S NAME<br>HINA MAHMOOD | DEFENDANT'S NAME<br>LOWE□S HOME CENTERS, LLC |
| PLAINTIFF'S ADDRESS<br>128 MOORE DRIVE<br>MEDIA, PA 19063 | DEFENDANT'S ADDRESS<br>1000 LOWE□S BOULEVARD<br>MOORESVILLE NC 28117 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>ABC MANUFACTURING COMPANY(IES) 1-5, FICTITIOUS NAMES OF FICT |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>123 MAIN STREET<br>PHILADELPHIA PA 19101 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 4 | [X] Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| ☐ $50,000.00 or less<br>[X] More than $50,000.00 | ☐ Arbitration ☐ Mass Tort ☐ Commerce ☐ Settlement<br>[X] Jury ☐ Savings Action ☐ Minor Court Appeal ☐ Minors<br>☐ Non-Jury ☐ Petition ☐ Statutory Appeals ☐ W/D/Survival<br>☐ Other: |

CASE TYPE AND CODE
1G - SUBROGATION ACTION

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| FILED<br>PRO PROTHY<br>SEP 04 2025<br>S. GILLIAM | YES NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: TANWEER AHMED , HINA MAHMOOD

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>JAMES P. CARFAGNO | ADDRESS<br>301 E. GERMANTOWN PIKE, 3RD FL<br>EAST NORRITON PA 19401 |
| PHONE NUMBER<br>(215)383-0081 / FAX NUMBER<br>(215)383-0082 | |
| SUPREME COURT IDENTIFICATION NO.<br>82960 | E-MAIL ADDRESS<br>jcarfagno@delucalevine.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*JAMES CARFAGNO* | DATE SUBMITTED<br>Thursday, September 04, 2025, 03:21 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. SAMSUNG ELECTRONICS AMERICA, INC.
   85 CHALLENGER ROAD
   RIDGEFIELD PARK NJ 07660
2. LOWE□S HOME CENTERS, LLC
   1000 LOWE□S BOULEVARD
   MOORESVILLE NC 28117
3. ABC MANUFACTURING COMPANY(IES) 1-5, FICTITIOUS NAMES OF FICT
   123 MAIN STREET
   PHILADELPHIA PA 19101
4. ABC SALES COMPANY(IES) 1-5, FICTITIOUS NAMES OF FICTITIOUS E
   123 MAIN STREET
   PHILADELPHIA PA 19101

de LUCA LEVINE LLC
BY: RAYMOND E. MACK
IDENTIFICATION NO.: 91815
BY: JAMES P. CARFAGNO
IDENTIFICATION NO.: 82960
301 E. GERMANTOWN PIKE, 3rd FLOOR
EAST NORRITON, PA 19401
(215) 383-0081

ATTORNEYS FOR PLAINTIFFS
TANWEER AHMED AND
HINA MAHMOOD

Filed and Attested by the Office of Judicial Records
04 SEP 2025 03:21 pm
S. GILLIAM

| | |
|---|---|
| **TANWEER AHMED AND HINA MAHMOOD**<br>128 Moore Drive<br>Media, PA 19063<br><br>**Plaintiffs**<br>**v.**<br><br>**SAMSUNG ELECTRONICS AMERICA, INC.**<br>85 Challenger Road<br>Ridgefield Park, NJ 07660<br><br>**AND**<br><br>**LOWE'S HOME CENTERS, LLC**<br>1000 Lowe's Boulevard<br>Mooresville, NC 28117<br><br>**AND**<br><br>**ABC MANUFACTURING COMPANY(IES) 1-5, fictitious names of fictitious entities**<br><br>**AND**<br><br>**ABC SALES COMPANY(IES) 1-5, fictitious names of fictitious entities**<br><br>**Defendants** | **IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA**<br><br>**CIVIL ACTION NO:**<br><br>**JURY TRIAL DEMANDED** |

**<u>NOTICE TO DEFEND</u>**

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint

and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**AVISO**

Le han demandado a usted en la corte. Si used quiere defenderse de estas demandas expuestas en las paginas siquientes, used tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objectiones a las demandas en contra de su persona. Sea avisado qui si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTS. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAMEPOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PURDE CONSEQUIR.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

**de LUCA LEVINE LLC**
**BY: RAYMOND E. MACK**
**IDENTIFICATION NO.: 91815**
**BY: JAMES P. CARFAGNO**
**IDENTIFICATION NO.: 82960**
**301 E. GERMANTOWN PIKE, 3rd FLOOR**
**EAST NORRITON, PA 19401**
**(215) 383-0081**

**ATTORNEYS FOR PLAINTIFFS, TANWEER AHMED AND HINA MAHMOOD**

| | |
|---|---|
| **TANWEER AHMED AND HINA MAHMOOD**<br>128 Moore Drive<br>Media, PA 19063<br><br>**Plaintiffs**<br>**v.**<br><br>**SAMSUNG ELECTRONICS AMERICA, INC.**<br>85 Challenger Road<br>Ridgefield Park, NJ 07660<br><br>**AND**<br><br>**LOWE'S HOME CENTERS, LLC**<br>1000 Lowe's Boulevard<br>Mooresville, NC 28117<br><br>**AND**<br><br>**ABC MANUFACTURING COMPANY(IES) 1-5, fictitious names of fictitious entities**<br><br>**AND**<br><br>**ABC SALES COMPANY(IES) 1-5, fictitious names of fictitious entities**<br><br>**Defendants** | **IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA**<br><br>**CIVIL ACTION NO:**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' COMPLAINT**

Plaintiffs, Tanweer Ahmed and Hina Mahmood, by and through their undersigned counsel, de Luca Levine, LLC, hereby demands judgment against Defendants, and complains against them as follows:

**PARTIES**

1. Plaintiffs, Tanweer Ahmed and Hina Mahmood, are adult individuals, and at all times relevant hereto, owned the property located at 128 Moore Drive, Media, PA 19063-4955.

2. Defendant, Samsung Electronics America, Inc. (hereinafter "Samsung") is a corporation existing under the laws of the State of New Jersey with its principal place of business located at 85 Challenger Road, Ridgefield Park, NJ 07660, and was authorized to do business within the Commonwealth of Pennsylvania. Samsung regularly conducts business in Philadelphia County, Pennsylvania.

3. At all times relevant hereto, Samsung was in the business of designing, manufacturing, assembling, selling, distributing and/or marketing ranges, and – pursuant thereto – did design, manufacture, assemble, sell, distribute and/or market the microwave oven at issue in this action (hereinafter the "subject microwave oven" and/or "product").

4. Defendant, Lowe's Home Centers, LLC (hereinafter "Lowe's Home Centers") is a limited liability company organized under the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, NC 28117.

5. At all times relevant hereto, Lowe's Home Centers was in the business of designing, manufacturing, assembling, selling, distributing and/or marketing appliances, including the subject microwave oven at issue in this case.

6. Defendant, ABC Manufacturing Company(ies) 1-5, are fictitious names of fictitious entities, the identity of whom is not presently known to Plaintiffs.

7. At all times relevant hereto, ABC Manufacturing Company(ies) 1-5 was in the business of designing, manufacturing, assembling, selling, distributing and/or marketing microwave ovens, and – pursuant thereto – did design, manufacture, assemble, sell, distribute and/or market the subject microwave oven at issue in this action.

8. Defendant, ABC Sales Company(ies) 1-5, are fictitious names of fictitious entities, the identity of whom is not presently known to Plaintiffs.

9. At all times relevant hereto, ABC Sales Company(ies) 1-5 was in the business of installing, designing, manufacturing, assembling, selling, distributing and/or marketing microwave ovens, and – pursuant thereto – did install, design, manufacture, assemble, sell, distribute and/or market the subject microwave oven at issue in this action.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over the Defendant because the Defendants either have their principal place of business in Pennsylvania, is incorporated in Pennsylvania, or is registered to do business in Pennsylvania, has consented to jurisdiction in Pennsylvania and/or does sufficient business in, or has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets of the Commonwealth of Pennsylvania through its business operations in Pennsylvania.

11. Venue is properly laid in Philadelphia County pursuant to Pennsylvania Rule of Civil Procedure 1006, including because Defendants can be served here and/or the cause of action arose here and/or the transaction or occurrence took place here and/or

the property which is the subject matter of the action is located here and/or Defendants regularly conduct business in Philadelphia County, Commonwealth of Pennsylvania.

**STATEMENT OF FACTS**

12. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

13. Prior to April 17, 2024, Plaintiffs, Tanweer Ahmed and Hina Mahmood purchased the subject Samsung microwave oven from Lowe's Home Centers, LLC and/or ABC Sales Company(ies) 1-5.

14. On April 17, 2024, the subject microwave oven malfunctioned inside the control panel to the subject microwave oven and heat from the microwave oven ignited combustibles at or near the microwave oven causing fire damages to the subject property.

15. A subsequent investigation conducted after the loss determined the aforesaid damage was caused directly and proximately by a defect inside the control panel of the microwave oven which caused the microwave oven to malfunction and ignite a fire.

16. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $285,000.00.

**COUNT I – NEGLIGENCE**
**PLAINTIFF v. DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.**

17. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

18. Defendant Samsung owed Plaintiffs a duty of reasonable care in regard to the manufacture, assembly, design, inspection, testing, marketing and distribution, *inter alia*, of the product.

19. The damages suffered by Plaintiffs as described above were the direct and proximate result of negligence, carelessness, and/or other unlawful conduct of the Defendant Samsung – itself, as well as by and through its employees, agents, technicians, suppliers and/or servants – more specifically described as follows:

a. failing to exercise reasonable care in the following manner:

   i. failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

   ii. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

   iii. failing to provide safe and adequate warnings or instructions with the product; and/or

   iv. manufacturing, marketing, distributing and/or selling the product when Defendant, Samsung knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased.

b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c. failing to adequately warn the Plaintiff and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e. failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

f. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

20. As a direct and proximate result of this negligence, and such negligence having resulted in the damages Plaintiffs sustained, the Defendant Samsung became liable to Plaintiffs.

21. As a direct and proximate result of the Defendant Samsung's aforementioned actions, and/or omissions, Defendant Samsung acted negligently or carelessly, and is therefore liable to the Plaintiffs for the damages suffered.

22. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $285,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, Samsung Electronics America, Inc. jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $285,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT II – STRICT LIABILITY**
**PLAINTIFF v. DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.**

23. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

24. Defendant Samsung is engaged, and at all times relevant hereto were engaged, in the business of, *inter alia*, designing, assembling, manufacturing, selling, distributing and/or marketing, *inter alia*, appliances, and, specifically did so with the product at issue in this case.

25. Defendant Samsung manufactured, marketed, distributed, tested and/or sold the subject range in a defective condition, unreasonably dangerous to consumers.

26. Defendant Samsung knew or should have known that the product would, and did, reach the Plaintiffs without substantial change in the condition in which originally manufactured, distributed and sold.

27. The aforementioned defects consisted of:

a. design defects;

b. manufacturing defects;

c. component defects;

d. use-instruction and/or warnings defects; and/or

e. a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions.

f. the subject product, based upon its risks, was designed and manufactured in a defective and unreasonably dangerous

manner when considered under the Pennsylvania Supreme Court's "consumer expectations" test, "risk-utility" test, both or otherwise.

28. As a direct and proximate result of such defects, Plaintiffs sustained and incurred damage to their real property, as well as the imposition of additional expenses and hardship.

29. For these reasons, Defendant Samsung is strictly liable to Plaintiffs for the damages stated herein under Section 402A of the Restatement (2d) of Torts and the applicable case law of the Commonwealth of Pennsylvania.

30. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $285,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, Samsung Electronics America, Inc. jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an in excess of $285,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT III – BREACH OF WARRANTIES**
**PLAINTIFF v. DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.**

31. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

32. At the time of the sale and/or distribution of the subject product, Defendant Samsung had reason to know the particular purpose to which the subject microwave oven would be used (i.e. residential application) and they were being relied

upon to furnish a suitable product. Thus, Defendant Samsung breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the subject product was not fit for the particular purpose for which such products are required under normal operation.

33. In addition, Defendant Samsung breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the subject product was not fit for the ordinary uses for which the subject product was used.

34. In addition, Defendant Samsung breached any and all express warranties made or relating to the subject product that became part of the basis of the bargain for sale of the product in derogation of 13 Pa. C.S.A. § 2-313. (Defendant Samsung had better access to said warranties and, therefore, is not prejudiced by them not being attached hereto).

35. Plaintiffs' damages as set forth above occurred as a direct and proximate result of the breach by Defendant Samsung of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A. § 2-315 and § 2-314 (c) and as a result of the breach of its expressed warrantees in derogation of 13 Pa. C.S.A. § 2-313.

36. Plaintiffs have met any and all conditions precedent to recovery for such breaches.

37. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $285,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, Samsung Electronics America, Inc. jointly, severally, and/or in the alternative with other

defendant(s) herein - for damages in excess of $285,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT IV – NEGLIGENCE**
**PLAINTIFF v. DEFENDANT LOWE'S HOME CENTERS, LLC**

38. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

39. Defendant Lowe's Home Centers owed Plaintiffs a duty of reasonable care in regard to the manufacture, assembly, design, inspection, testing, marketing and distribution, *inter alia*, of the product.

40. The damages suffered by Plaintiffs as described above were the direct and proximate result of negligence, carelessness, and/or other unlawful conduct of the Defendant Lowe's Home Centers – itself, as well as by and through its employees, agents, technicians, suppliers and/or servants – more specifically described as follows:

a. failing to exercise reasonable care in the following manner:

   i. failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

   ii. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

   iii. failing to provide safe and adequate warnings or instructions with the product; and/or

   iv. manufacturing, marketing, distributing and/or selling the product when Defendant, Lowe's Home Centers knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased.

b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c. failing to adequately warn the Plaintiff and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e. failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

f. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

41. As a direct and proximate result of this negligence, and such negligence having resulted in the damages Plaintiffs sustained, the Defendant Lowe's Home Centers became liable to Plaintiffs.

42. As a direct and proximate result of the Defendant Lowe's Home Centers' aforementioned actions, and/or omissions, Defendant Lowe's Home Centers acted negligently or carelessly, and is therefore liable to the Plaintiffs for the damages suffered.

43. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $285,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, Lowe's Home Centers, LLC, jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $285,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT V – STRICT LIABILITY**
**PLAINTIFF v. DEFENDANT LOWE'S HOME CENTERS, LLC**

44. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

45. Defendant Lowe's Home Centers is engaged, and at all times relevant hereto were engaged, in the business of, *inter alia*, designing, assembling, manufacturing, selling, distributing and/or marketing, *inter alia*, appliances, and, specifically did so with the product at issue in this case.

46. Defendant Lowe's Home Centers manufactured, marketed, distributed, tested and/or sold the subject range in a defective condition, unreasonably dangerous to consumers.

47. Defendant Lowe's Home Centers knew or should have known that the product would, and did, reach the Plaintiffs without substantial change in the condition in which originally manufactured, distributed and sold.

48. The aforementioned defects consisted of:

a. design defects;

b. manufacturing defects;

c. component defects;

d. use-instruction and/or warnings defects; and/or

e. a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions.

f. the subject product, based upon its risks, was designed and manufactured in a defective and unreasonably dangerous manner when considered under the Pennsylvania Supreme Court's "consumer expectations" test, "risk-utility" test, both or otherwise.

49. As a direct and proximate result of such defects, Plaintiffs sustained and incurred damage to their real property, as well as the imposition of additional expenses and hardship.

50. For these reasons, Defendant Lowe's Home Centers is strictly liable to Plaintiffs for the damages stated herein under Section 402A of the Restatement (2d) of Torts and the applicable case law of the Commonwealth of Pennsylvania.

51. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $285,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, Lowe's Home Centers, LLC jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an in excess of $285,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT VI – BREACH OF WARRANTIES**
**PLAINTIFF v. DEFENDANT LOWE'S HOME CENTERS, LLC**

52. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

53. At the time of the sale and/or distribution of the subject product, Defendant Lowe's Home Centers had reason to know the particular purpose to which the subject microwave oven would be used (i.e. residential application) and they were being relied upon to furnish a suitable product. Thus, Defendant Lowe's Home Centers breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the subject product was not fit for the particular purpose for which such products are required under normal operation.

54. In addition, Defendant Lowe's Home Centers breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the subject product was not fit for the ordinary uses for which the subject product was used.

55. In addition, Defendant Lowe's Home Centers breached any and all express warranties made or relating to the subject product that became part of the basis of the bargain for sale of the product in derogation of 13 Pa. C.S.A. § 2-313. (Defendant Lowe's Home Centers had better access to said warranties and, therefore, is not prejudiced by them not being attached hereto).

56. Plaintiffs' damages as set forth above occurred as a direct and proximate result of the breach by Defendant Lowe's Home Centers of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A. § 2-315 and § 2-314 (c) and as a result of the breach of its expressed warrantees in derogation of 13 Pa. C.S.A. § 2-313.

57. Plaintiffs have met any and all conditions precedent to recovery for such breaches.

58. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $285,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, Lowe's Home Centers, LLC jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in excess of $285,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT VII – NEGLIGENCE**
**PLAINTIFF v. DEFENDANT ABC MANUFACTURING COMPANY(IES) 1-5, FICTITIOUS NAMES FOR FICTITIOUS ENTITIES**

59. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

60. Defendant ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities, owed Plaintiffs a duty of reasonable care in regard to the manufacture, assembly, design, inspection, testing, marketing and distribution, *inter alia*, of the product.

61. The damages suffered by Plaintiffs as described above were the direct and proximate result of negligence, carelessness, and/or other unlawful conduct of the Defendant ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities – itself, as well as by and through its employees, agents, technicians, suppliers and/or servants – more specifically described as follows:

a. failing to exercise reasonable care in the following manner:

    i. failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

ii. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

iii. failing to provide safe and adequate warnings or instructions with the product; and/or

iv. manufacturing, marketing, distributing and/or selling the product when Defendant, ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased.

b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c. failing to adequately warn the Plaintiff and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e. failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

f. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

62. As a direct and proximate result of this negligence, and such negligence having resulted in the damages Plaintiffs sustained, the Defendant ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities became liable to Plaintiffs.

63. As a direct and proximate result of the Defendant ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities aforementioned actions, and/or omissions, Defendant ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities acted negligently or carelessly, and is therefore liable to the Plaintiffs for the damages suffered.

64. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $285,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities, jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $285,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT VIII – STRICT LIABILITY**
**PLAINTIFF v. DEFENDANT ABC MANUFACTURING COMPANY(IES) 1-5, FICTITIOUS NAME FOR FICTITIOUS ENTITIES**

65. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

66. Defendant ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities is engaged, and at all times relevant hereto were engaged, in the business of, *inter alia*, designing, assembling, manufacturing, selling, distributing and/or marketing, *inter alia*, appliances, and, specifically did so with the product at issue in this case.

67. Defendant ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities manufactured, marketed, distributed, tested and/or sold the subject range in a defective condition, unreasonably dangerous to consumers.

68. Defendant ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities knew or should have known that the product would, and did, reach the Plaintiffs without substantial change in the condition in which originally manufactured, distributed and sold.

69. The aforementioned defects consisted of:

a. design defects;

b. manufacturing defects;

c. component defects;

d. use-instruction and/or warnings defects; and/or

e. a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions.

f. the subject product, based upon its risks, was designed and manufactured in a defective and unreasonably dangerous manner when considered under the Pennsylvania Supreme Court's "consumer expectations" test, "risk-utility" test, both or otherwise.

70. As a direct and proximate result of such defects, Plaintiffs sustained and incurred damage to their real property, as well as the imposition of additional expenses and hardship.

71. For these reasons, Defendant ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities is strictly liable to Plaintiffs for the damages stated

herein under Section 402A of the Restatement (2d) of Torts and the applicable case law of the Commonwealth of Pennsylvania.

72. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $285,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an in excess of $285,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT IX – BREACH OF WARRANTIES**
**PLAINTIFF v. DEFENDANT ABC MANUFACTURING COMPANY(IES) 1-5, FICTITIOUS NAME FOR FICTITIOUS ENTITIES**

73. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

74. At the time of the sale and/or distribution of the subject product, Defendant ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities had reason to know the particular purpose to which the subject microwave oven would be used (i.e. residential application) and they were being relied upon to furnish a suitable product. Thus, Defendant ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the subject product was not fit for the particular purpose for which such products are required under normal operation.

75. In addition, Defendant ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the subject product was not fit for the ordinary uses for which the subject product was used.

76. In addition, Defendant ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities breached any and all express warranties made or relating to the subject product that became part of the basis of the bargain for sale of the product in derogation of 13 Pa. C.S.A. § 2-313. (Defendant ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities had better access to said warranties and, therefore, is not prejudiced by them not being attached hereto).

77. Plaintiffs' damages as set forth above occurred as a direct and proximate result of the breach by Defendant ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A. § 2-315 and § 2-314 (c) and as a result of the breach of its expressed warrantees in derogation of 13 Pa. C.S.A. § 2-313.

78. Plaintiffs have met any and all conditions precedent to recovery for such breaches.

79. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $285,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, ABC Manufacturing Company(ies) 1-5, fictitious name for fictitious entities jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in excess of

$285,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT X – NEGLIGENCE**
**PLAINTIFF v. DEFENDANT ABC SALES COMPANY(IES) 1-5, FICTITIOUS NAMES FOR FICTITIOUS ENTITIES**

80. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

81. Defendant ABC Sales Company(ies) 1-5, fictitious name for fictitious entities, owed Plaintiffs a duty of reasonable care in regard to the manufacture, assembly, design, inspection, testing, marketing and distribution, *inter alia*, of the product.

82. The damages suffered by Plaintiffs as described above were the direct and proximate result of negligence, carelessness, and/or other unlawful conduct of the Defendant ABC Sales Company(ies) 1-5, fictitious name for fictitious entities – itself, as well as by and through its employees, agents, technicians, suppliers and/or servants – more specifically described as follows:

a. failing to exercise reasonable care in the following manner:

    i. failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

    ii. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

    iii. failing to provide safe and adequate warnings or instructions with the product; and/or

    iv. manufacturing, marketing, distributing and/or selling the product when Defendant, ABC Sales Company(ies) 1-5, fictitious name for fictitious entities knew or should have

known that the product and/or its component parts would be inadequate for the reasons for which it was purchased.

b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c. failing to adequately warn the Plaintiff and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e. failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

f. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

83. As a direct and proximate result of this negligence, and such negligence having resulted in the damages Plaintiffs sustained, the Defendant ABC Sales Company(ies) 1-5, fictitious name for fictitious entities became liable to Plaintiffs.

84. As a direct and proximate result of the Defendant ABC Sales Company(ies) 1-5, fictitious name for fictitious entities aforementioned actions, and/or omissions, Defendant ABC Sales Company(ies) 1-5, fictitious name for fictitious entities acted negligently or carelessly, and is therefore liable to the Plaintiffs for the damages suffered.

85. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $285,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, ABC Sales Company(ies) 1-5, fictitious name for fictitious entities, jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $285,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT XI – STRICT LIABILITY**
**PLAINTIFF v. DEFENDANT ABC SALES COMPANY(IES) 1-5, FICTITIOUS NAME FOR FICTITIOUS ENTITIES**

86. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

87. Defendant ABC Sales Company(ies) 1-5, fictitious name for fictitious entities is engaged, and at all times relevant hereto were engaged, in the business of, *inter alia*, designing, assembling, manufacturing, selling, distributing and/or marketing, *inter alia*, appliances, and, specifically did so with the product at issue in this case.

88. Defendant ABC Sales Company(ies) 1-5, fictitious name for fictitious entities manufactured, marketed, distributed, tested and/or sold the subject range in a defective condition, unreasonably dangerous to consumers.

89. Defendant ABC Sales Company(ies) 1-5, fictitious name for fictitious entities knew or should have known that the product would, and did, reach the Plaintiffs without substantial change in the condition in which originally manufactured, distributed and sold.

90. The aforementioned defects consisted of:

a. design defects;

b. manufacturing defects;

c. component defects;

d. use-instruction and/or warnings defects; and/or

e. a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions.

f. the subject product, based upon its risks, was designed and manufactured in a defective and unreasonably dangerous manner when considered under the Pennsylvania Supreme Court's "consumer expectations" test, "risk-utility" test, both or otherwise.

91. As a direct and proximate result of such defects, Plaintiffs sustained and incurred damage to their real property, as well as the imposition of additional expenses and hardship.

92. For these reasons, Defendant ABC Sales Company(ies) 1-5, fictitious name for fictitious entities is strictly liable to Plaintiffs for the damages stated herein under Section 402A of the Restatement (2d) of Torts and the applicable case law of the Commonwealth of Pennsylvania.

93. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $285,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, ABC Sales Company(ies) 1-5, fictitious name for fictitious entities jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an in excess of

$285,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT XII – BREACH OF WARRANTIES**
**PLAINTIFF v. DEFENDANT ABC SALES COMPANY(IES) 1-5, FICTITIOUS NAME FOR FICTITIOUS ENTITIES**

94. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

95. At the time of the sale and/or distribution of the subject product, Defendant ABC Sales Company(ies) 1-5, fictitious name for fictitious entities had reason to know the particular purpose to which the subject microwave oven would be used (i.e. residential application) and they were being relied upon to furnish a suitable product. Thus, Defendant ABC Sales Company(ies) 1-5, fictitious name for fictitious entities breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the subject product was not fit for the particular purpose for which such products are required under normal operation.

96. In addition, Defendant ABC Sales Company(ies) 1-5, fictitious name for fictitious entities breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the subject product was not fit for the ordinary uses for which the subject product was used.

97. In addition, Defendant ABC Sales Company(ies) 1-5, fictitious name for fictitious entities breached any and all express warranties made or relating to the subject product that became part of the basis of the bargain for sale of the product in derogation of 13 Pa. C.S.A. § 2-313. (Defendant ABC Sales Company(ies) 1-5, fictitious name for

fictitious entities had better access to said warranties and, therefore, is not prejudiced by them not being attached hereto).

98. Plaintiffs' damages as set forth above occurred as a direct and proximate result of the breach by Defendant ABC Sales Company(ies) 1-5, fictitious name for fictitious entities of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A. § 2-315 and § 2-314 (c) and as a result of the breach of its expressed warrantees in derogation of 13 Pa. C.S.A. § 2-313.

99. Plaintiffs have met any and all conditions precedent to recovery for such breaches.

100. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $285,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, ABC Sales Company(ies) 1-5, fictitious name for fictitious entities jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in excess of $285,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**de LUCA LEVINE LLC**

**BY:** ______________________________
JAMES P. CARFAGNO
ATTORNEYS FOR PLAINTIFFS,

**Dated:** September 4, 2025

**VERIFICATION**

I, Renee Parker, under the penalties of perjury, state that I am a representative of Allstate Vehicle and Property Insurance Company, the real party in interest, that I am authorized to make this verification on behalf of Allstate, that I have read the Complaint; that I do not have, and am informed that no single officer or agent of Allstate has personal knowledge of all matters set forth in the Complaint; that the Complaint was prepared by counsel from information provided by myself and certain employees from Allstate who were designated to assemble such material and are based on their personal knowledge or that of other persons who were consulted and on examination of records maintained by Allstate during the regular course of business; and that upon information and belief the Complaint is true and correct to the best of my knowledge after due inquiry. This verification is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

DATE: 9/4/2025

Renee Parker

Renee Parker, An Authorized
Representative of Allstate Vehicle and
Property Insurance Company

de Luca | Levine
SUBROGATION ATTORNEYS
301 E. Germantown Pike, 3rd Floor
East Norriton, PA 19401

quadient
FIRST-CLASS MAIL
IMI
$003.28 º
09/05/2025 ZIP 19401
043M30279369
US POSTAGE

RECEIVED in LEGAL
SEP 11 2025

SEP 10 REC'D

**LOWE'S HOME CENTERS, LLC**
1000 Lowe's Boulevard
Mooresville, NC 28117